UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LYNN TORRE, VINCENT TORRE, JR., LOUANN MAFFEI, and JAMES MAFFEI, <br><br>  Plaintiffs <br><br> v. <br><br> MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br>  Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) )    No. 2:25-cv-00429-LEW |

### ORDER ON EMERGENCY MOTION FOR <u>TEMPORARY RESTRAINING ORDER</u>

In this action, Plaintiffs Lynn Torre and Vincent Torre, Jr., a married couple, and Louann Maffei and James Maffei, parents of Vincent Torre, who all proceed pro se, complain of, among other things, compelled family separation due to the removal of the Torres' two children from their family home, allegedly unjustified criminal proceedings currently pending against Vincent Torre, Jr., and allegedly unjustified and unfavorable determinations concerning parental rights and responsibilities made in the Maine District Court.  Verified Compl. (ECF No. 1).

The matter is before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Protective Order (ECF No. 11).  To

the extent the Motion seeks emergency relief in the form of a temporary restraining order on an ex parte basis, it is denied for reasons that follow.

## BACKGROUND

On or about October 10, 2023, agents or officers of the State of Maine and the Cumberland County Sheriff's Office removed the Torres' two minor children from their home. Reunification has not been achieved since that date. According to the Complaint, the apparent justification for the removal relates to alleged criminal conduct by Vincent Torre, Jr., evidently based on a report provided by his 16-year-old stepdaughter. Plaintiffs allege that the resulting disruption of their family has deprived them of constitutional rights. Additionally, they complain that the related prosecution of Vincent Torre, Jr., is unjustified and has deprived him of constitutional rights related to his ability to mount a defense (alleging suppression of exculpatory evidence) and his right to a speedy trial. Plaintiffs also state in their Complaint that they are "federal witnesses" in an ongoing "federal investigation" involving abuses by child protective service agencies and agents occurring in all 50 states. Compl. ¶ 84; Compl. Exs. N—N-4.

Plaintiffs allege violations of the Fourth Amendment, Fourteenth Amendment (Procedural and Substantive Due Process), and First Amendment, as well as a civil conspiracy among twenty-seven named defendants. Through their Complaint and Emergency Motion, Plaintiffs ask for the "immediate reunification" of the family and vacatur of "any prior Termination of Parental Rights orders"; "immediate release" of Vincent Torre, Jr. from incarceration on state charges and elimination of all bail conditions; dismissal of the state charges; expungement of all child protective records; an injunction

ordering defendants to cease and desists any interference with the family; and, if the state criminal case persists, reassignment of "biased judges, assistant district attorneys, and district attorneys in state proceedings," among other relief. Compl. ¶ 141.

Plaintiffs filed their Complaint on August 22, 2025, along with an application to proceed without prepayment of fees. The application was denied and on September 8, 2025, the Court received the filing fee and placed the Emergency Motion for TRO under advisement.

## DISCUSSION

Injunctive relief is an extraordinary remedy. An ex parte temporary restraining order (TRO) is even more extraordinary in that it is awarded without first affording the opposing party an opportunity to be heard. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018). A motion for a TRO should be denied unless the movant makes a persuasive showing of a likelihood of success on the merits, a threat of irreparable injury in the absence of injunctive relief, a favorable balance of the relative burdens that would befall the parties if the relief is granted, and a lack of harm to the public interest. *Maine Forest Products Council v. Cormier*, 51 F.4th 1, 5 (1st Cir. 2022). The critical question is likelihood of success. As the party seeking injunctive relief – and as the only party presently before the Court – Plaintiffs necessarily bear the burden of establishing that the factors favor the award of a TRO. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Based on the following jurisdictional concerns, Plaintiffs' request for a TRO will be denied.

**A.     Relief Pertaining to Vincent Torre, Jr.'s State Court Prosecution**

Where, as here, a state court criminal proceeding is ongoing, Supreme Court precedent requires abstention from the exercise of jurisdiction by a federal court. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

Because it appears more likely that Plaintiff Vincent Torre, Jr. has an adequate ability to litigate the issues that inform his quest for injunctive relief by raising them in the state court criminal case, and because the State of Maine has an important interest in evaluating those issues and having one of its own courts be the first to do so, it appears more likely than not that the related component of Plaintiffs' Complaint will be dismissed based on the mandatory abstention rule of *Younger v. Harris*. Accordingly, a TRO will not issue in regard to the ongoing state court prosecution of Vincent Torre, Jr.

## B.     Relief Pertaining to Family Reunification

Like the jurisdictional concern associated with federal court interference with ongoing state criminal proceedings, the *Younger* abstention doctrine also applies to state government child custody actions. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Moreover, and perhaps more emphatically, the domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) ("[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992))).

Nor are these the only jurisdictional impediments to Plaintiffs' attempt to secure family reunification through a collateral proceeding in federal court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). The presumptively proper venue for Plaintiffs' challenge to prior state court rulings pertaining to parental rights and responsibilities is in the context of appeals prosecuted in the state courts and culminating with a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto*

*Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.[1]

Thus, a TRO will be denied in relation to Plaintiffs' request for immediate family reunification or any other modification of state court orders concerning parental rights, including visitation.

## CONCLUSION

Plaintiffs' Emergency Motion for Temporary Restraining Order, Emergency Injunctive Relief, and Protective Order (ECF No. 11) is DENIED.

SO ORDERED.

Dated this 9th day of September, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] These jurisdictional obstacles were recently observed in two related matters, case numbers 2:25-cv-00127-NT (ECF Nos. 3, 5) and 2:25-cv-00429-NT (ECF No. 21). The Court also previously dismissed as frivolous related claims against certain defendants in case numbers 2:25-cv-00118-NT (State of Maine), 2:25-cv-00127-NT (Maine Department of Health and Human Services), 2:25-cv-00128-NT (Trooper Lane for insufficient facts), and 2:25-cv-00132-NT (Jessica Leighton for lack of state action). The Court has already warned Victor Torre that filing restrictions are likely in the event that additional improper pleadings of filed by him in this Court. No. 2:25-cv-00132-NT (ECF No. 4). A further order related to potential filing restrictions will await further proceedings in this case. The allegations and defendants are significantly expanded in number in the current matter.