UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LYNN TORRE, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00429-LEW |
| | ) | |
| STATE OF MAINE DEPARTMENT | ) | |
| OF HEALTH AND HUMAN | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON OBJECTION AND RESTRAINING FUTURE PLEADINGS**

In this action, Plaintiffs Lynn Torre and Vincent Torre, Jr., a married couple, and Louann Maffei and James Maffei, mother and step-father of Vincent Torre, Jr., who all proceed pro se, complain of, among other things, compelled family separation due to the removal of the Torres' children from the family home, allegedly unjustified criminal proceedings currently pending against Vincent Torre, Jr., and allegedly unjustified and unfavorable determinations concerning parental rights and responsibilities made in the Maine District Court.  Verified Compl. (ECF No. 1).  The primary objectives of the litigation, according to the Complaint, are to nullify the ongoing state court criminal proceedings (awaiting trial) and an adverse ruling concerning the Torres parental rights (currently on appeal in state court).  However, the Complaint also presses claims against numerous individuals, and some of the claims seek damages based on alleged conduct that, if proven, would not interfere with or call into question ongoing state proceedings.  This

case also involves a plea for leave to proceed in forma pauperis and an objection from an order denying such leave. Finally, Plaintiffs object to my prior order that denied them emergency injunctive relief. This Order is issued to parse out those components of the Complaint that are not barred by jurisdictional principles, review those components to see if they state a claim for which relief may be granted, and to address the question of whether Lynn Torres deserves a refund of the filing fee she paid under protest. It also overrules Plaintiffs' objection to the denial of emergency injunctive relief.

## BACKGROUND

The allegations contained in Plaintiffs' Complaint and supporting exhibits are accepted as true, except where the allegations are contradicted by documents attached to the Complaint that are susceptible to judicial notice, as indicated below. *Better Way Ford, LLC v. Ford Motor Co.*, 142 F.4th 67, 77 (1st Cir. 2025); *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009); *see also O'Brien v. Wilmington Tr. Nat'l Ass'n as Tr. to CitiBank, N.A.*, 506 F. Supp. 3d 82, 90 (D. Mass. 2020) ("When such [a] document contradict[s] an allegation in the complaint, the document 'trumps the allegation.'" (quoting *Clorox Co. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000)).

On October 10, 2023, agents or officers of the State of Maine and the Cumberland County Sheriff's Office removed the Torres' two minor children from their home. Reunification has not been achieved since that date. Rather, an adverse parental rights determination that terminates the Torres' parental rights to their shared minor children is on appeal. Compl. ¶ 149; Lynn Torre Aff. ¶ 33 (ECF No. 1-32); Order on Pet. to Terminate

Parental Rights (partial copy of only first and last page) (ECF No. 13-11); Lynn Torre Notice of Appeal (ECF No. 13-13).  The Court takes judicial notice of the excerpt of the Maine District Court's Order on Petition to Terminate, to the extent it is informative, as explained below.

According to the Complaint, the apparent justification for the removal of the children from the home relates to alleged criminal conduct by Vincent Torre, Jr. (hereafter Vincent Torre), of a sexual nature, evidently based on a report provided by his 16-year-old stepdaughter (Lynn Torre's daughter) ("the reporting minor"), which report she made to a relative, either Sharon Leighton Meredith (not a defendant) or Defendant Jessica Leighton (or both), while temporarily staying in Leighton Meredith's home.  The Plaintiffs do not relate the substance of the allegations made by the reporting minor against Vincent Torre, but state that the allegations were false.

Plaintiffs allege that the resulting disruption of their family and the associated criminal prosecution have deprived them of their constitutional rights.  Evidently, the reporting minor made her report on or about October 4, 2023, because on that day agents or officers of the State of Maine Department of Health and Human Services Child Protective Service appeared at the Torres' then residence in temporary, transitional housing and required that Vincent Torre no longer reside with the Torres' two minor children (who were then approximately ages 13 and 3).

Thereafter, Plaintiff Lynn Torre evidently advocated on behalf of her husband, informing CPS that the reporting minor had mental health issues and was not a reliable reporter.  Lynn Torre also moved in with Vincent's parents, the Maffei Plaintiffs, on

October 8 or 9, 2023 (Vincent allegedly found housing elsewhere).  On October 10, 2023, CPS conducted a family team meeting at which several family members were present, including Sharon Leighton Meredith, Jessica Leighton, and others.  On that day, CPS also "filed for a preliminary protection order (PPO)."  Compl. ¶ 27.  The Maine District Court's Order on Petition to Terminate (ECF No. 13-11) memorializes this fact as well, and also indicates that the Court granted the preliminary protection order that very day, effectively authorizing the removal of the children from the parents' custody.

Plaintiffs allege that the removal was "without court order [and] without exigent circumstances," Compl. ¶ 36, but they also acknowledge that the removal occurred after Defendant Leanne Keenan-Nelson, a CPS Investigator, in concert with one or more CPS supervisory officers, filed for a preliminary protection order.  The Order on Petition to Terminate also contradicts Plaintiffs' allegations, reflecting that the children's removal was in fact court authorized.

On or about the day that CPS removed the children from the home, CPS also presented Lynn Torre with a "preliminary plan" and, evidently, instructed her that she would have to make other living arrangements to be reunited with her children, something she did not do.  The plan explained that she was "failing to protect [the children] from threat of sexual abuse by their father, Vincent Torre," and that CPS had informed Lynn "that significant evidence was obtained regarding Mr. Torre sexually assaulting [the reporting minor]."  Prelim. Reunification and Rehabilitation Plan (ECF No. 1-30).  The state court held its first hearing on October 19, 2023.  Jeopardy orders eventually entered

in September 2024 for Vincent and in November 2024 for Lynn.  Order on Pet. to Terminate (ECF No. 13-11).

Plaintiffs allege that the reporting minor falsely alleged criminal conduct on the part of Vincent Torre and also that Defendant Jessica Leighton "manipulated [the reporting minor] into believing horrible lies and spreading them as if they were fact."  Lynn Torre Aff ¶ 8.  Evidently, another of Lynn's older children, a male, has also "betrayed" her, along with "the rest of [her] extended family."  *Id.* ¶ 10.  The Torres blame these individuals, the CPS officers, and the guardian ad litem assigned in the parental rights matter with the destruction of their family.  *Id.*  The Torres also allege that it was unlawful for agents of the Child Advocacy Center to interview the reporting minor child outside the presence of a parent without permission.  Compl. Ex. R (ECF No. 1-39).  The Plaintiffs allege that the plan presented to Lynn was signed by her under compulsion and they also complain that Lynn was the only member of the family whose interest in reunification was addressed by a plan.  Compl. Ex. M. (ECF No. 1-27).

The non-reporting teenage daughter (the 13-year-old) was placed for a time with Jessica Leighton.  After a period of time with Leighton, the daughter no longer wished to return home.  Plaintiffs do not know where the youngest child is.

Vincent Torre is presently subject to criminal charges arising out of the report of abuse.  Plaintiffs allege that the prosecution of Vincent Torre is unjustified and has deprived him of constitutional rights related to his ability to mount a defense (alleging suppression of exculpatory evidence) and his right to a speedy trial.

Vincent Torre alleges that he was wrongfully arrested on April 17, 2024, without being shown a warrant, based on a protection from abuse order that was previously dropped. Vincent Torre Aff. ¶ 24 (ECF No. 1-33). After Vincent Torre's release on bail in May 2024, Jessica Leighton sent an email to a local news station to complain of his release. *Id.* ¶ 23. On October 4, 2024 (a year after he was removed from the home), State Detective Victoria Knight-Lane and four Windham police officers arrested him without cause at work and used excessive force in the process. *Id.* ¶ 25. Then again, on April 2, 2025, Cumberland County officers used excessive force to arrest Vincent Torre after refusing to present him with a warrant that authorized his arrest. *Id.* ¶ 26.

Plaintiffs allege violations of the Fourth Amendment, Fourteenth Amendment (Procedural and Substantive Due Process), and First Amendment, as well as a civil conspiracy among twenty-seven named defendants. Through their Complaint and Emergency Motion, Plaintiffs ask for the "immediate reunification" of the family and vacatur of "any prior Termination of Parental Rights orders"; "immediate release" of Vincent Torre, Jr. from incarceration on state charges and elimination of all bail conditions; dismissal of the state charges; expungement of all child protective records; an injunction ordering defendants to cease and desists any interference with the family; and, if the state criminal case persists, reassignment of "biased judges, assistant district attorneys, and district attorneys in state proceedings," among other relief. Compl. ¶ 141.

### DISCUSSION

On September 9, 2025, I issued a summary order denying Plaintiffs' Emergency Motion for a Temporary Restraining Order. Order on Emergency Motion for Temporary

Restraining Order (ECF No. 18).  At present, the matter requires an order of partial dismissal and an order restricting the future filing of new federal cases against the State of Maine and DHHS by the Torre Plaintiffs.  As will be explained below, the partial dismissal also resolves Plaintiff's Objection (ECF No. 22) to the denial of emergency relief. Additionally, the matter is before the Court on Plaintiffs' ongoing Objection (ECF No. 20) concerning the Magistrate Judge's assessment that none of the Plaintiffs qualifies to proceed without prepayment of costs under the In Forma Pauperis Statute, 28 U.S.C. § 1915.  Finally, it is necessary to evaluate the Complaint on a defendant-by-defendant basis to determine whether the Complaint actually states a claim for which relief may be granted that falls outside of the *Younger* abstention doctrine.  As to the sua sponte review of the Complaint, I do despite my denial of Plaintiffs' Objection seeking to avoid payment of the filing fee, pursuant to 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

A.      **Partial Dismissal, Denial of Objection 22, and Filing Restriction**

On March 31, 2025, Vincent Torre filed a complaint in a prior case in which he asserted claims against the State of Maine and a state prosecutor, and asked this Court to enjoin his state court prosecution, restore his parental rights, and enjoin any interference by the state or state officials with his relationship with his minor children. *Torre v. Maine*, No. 2:25-cv-00118-NT.  The Court dismissed the case based on a Recommended Decision that explained, as I explained in the prior Order, that he could not sue the State of Maine

in this Court and that the relief he requested is not available here.  Per the Recommended

Decision:

> This Court cannot interfere with ongoing state criminal cases or custody
> proceedings, and the State of Maine is immune from liability under the
> doctrine of sovereign immunity.  *See In re Justices of the Superior Ct. Dep't
> of the Mass. Trial Cts.*, 218 F.3d 11, 16 (1st Cir. 2000) (noting that the
> *Younger* abstention doctrine prevents federal courts from interfering with
> ongoing state criminal proceedings "even where defendants claim violations
> of important federal rights"); *Wales v. Merrinvil*, No. 2:24-cv-00338-NT,
> 2024 WL 4380195, at *2 (D. Me. Oct. 3, 2024) (rec. dec.) (noting that federal
> courts lack jurisdiction over actions pertaining to parental rights), *aff'd*, ECF
> No. 8 (D. Me. Oct. 23, 2024); *Parente v. Lefebvre*, 122 F.4th 457, 461-62
> (1st Cir. 2024) ("The Eleventh Amendment generally bars suits against states
> and state officials in federal court." (cleaned up)).

Case No. 2:25-cv-00118-NT (ECF No. 3).  The Court affirmed the April 1, 2025

Recommended Decision and dismissed the case on April 28, 2025.

On April 4, 2025, Vincent and Lynn Torre filed a complaint in another case in which

they asserted civil rights claims against the Maine Department of Health and Human

Services (DHHS) and several DHHS Child Protective Services caseworkers.  *Torre v. Me.

DHHS*, No. 2:25-cv-00127-NT.  They requested, among other relief, a court order directing

DHHS to immediately return their minor children to their custody and refrain from any

further interference with their parental rights.  The Court dismissed the case based on a

Recommended Decision that explained, as I explained in the prior Order in this case, that

they could not sue DHHS in this Court and that the primary relief they sought was not

available here.  Per the Recommended Decision:

> DHHS, as a state agency, is immune from suit. *See Gilbert v. Maine Dep't
> of Health & Hum. Servs.*, No. 2:24-cv-00372-JAW, 2025 WL 953711, at *1
> (D. Me. Mar. 31, 2025) (noting that the Maine DHHS "is immune from suit
> in this Court under the doctrine of sovereign immunity").  Even with a liberal

reading of their complaint, the Torres have not alleged sufficient facts to state a claim against the individual DHHS caseworkers. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally, this Court must abstain from interfering with ongoing child protection proceedings and, in any event, lacks the authority to return the Torres' children to their custody. *See Malachowski v. City of Keene*, 787 F.2d 704, 708-09 (1st Cir. 1986) (affirming a federal district court's "decision to abstain on the injunctive aspects" of a complaint seeking return of a child from state custody "to avoid federal court interference in an area of predominant state concern"); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees").

Case No. 2:25-cv-127 (ECF No. 3). The Court affirmed the recommendation and dismissed the case on May 2, 2025. *Id.* (ECF No. 4).

Undaunted, on June 30, 2025, Plaintiff Vincent Torre filed yet another complaint, once again naming the State of Maine and DHHS in the caption and once more seeking relief that is not available in this forum. *Torre v. Me. DHHS*, No. 2:25-cv-00342-NT. The Court once more dismissed his case based on a Recommended Decision, which this time explained:

> [G]iven the nature of Plaintiff's claim, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), precludes Plaintiff from proceeding in federal court. *Younger* requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications*, *Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015).

9

In addition to state criminal proceedings, the Supreme Court and the First Circuit have concluded that *Younger* applies to state government child custody actions like the one Plaintiff describes. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*. For example, Plaintiff has not demonstrated through nonconclusory allegations that the state court has refused to permit him to raise his federal claims in that forum. *See McLeod v. Maine Department of Health and Human Services*, 229 F.3d 1133, 2000 WL 869512 at *1, (1st Cir. 2000) ("Appellant has not alleged facts showing that the state court is somehow incapable of adjudicating this matter including the federal issues, nor has she alleged an injury that is different than that incidental to every child protection proceeding" where state officers act in good faith) (quotation marks and modifications omitted). Abstention, therefore, would likely be required on any claims that implicate pending state court matters.

To the extent that Plaintiff references state court proceedings which have become final, Plaintiff's claims are also barred. "[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)), and "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico—Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

Case No. 2:25-cv-00342-NT (ECF No. 21). The Court affirmed the July 31 recommendation and dismissed the case on September 2, 2025. *Id.* (ECF No. 24).

On August 22, 2025, Plaintiffs, who now include not only Vincent and Lynn Torre but also Vincent's parents, Louanne and James Maffei, filed the Complaint that gives rise

to this case.  In complete disregard of repeated explanations that the relief they seek is not available in this Court, Plaintiffs have once again named DHHS as a defendant and they have once against demanded relief that this Court has repeatedly stated cannot be obtained here.  In addition to DHHS, Plaintiffs have named as defendants several individuals associated with child protective investigations and proceedings and Vincent Torre's criminal prosecution.  The claims against individuals are recounted in the discussion that follows.

As I explained in the prior Order, and as explained repeatedly in the recommended decisions issued in earlier related cases, injunctive relief (emergency or otherwise) is not available.  This Court does not have jurisdiction to enjoin state court proceedings or overturn state court rulings under the circumstances alleged here, which do not involve extraordinary circumstances that would warrant an exception to the abstention doctrine. *Esso Standard Oil Co. v. Lopez-Freytes*, 522 F.3d 136, 143 (1st Cir. 2008) ("In the absence of extraordinary circumstances, interests of comity and the respect for state processes demand that federal courts should abstain from interfering with ongoing state judicial proceedings.").  Accordingly, the Objection is DENIED.  Furthermore, Plaintiffs' claims seeking injunctive relief pertaining to the criminal prosecution and parental rights ruling(s) are DISMISSED, as are all claims against Defendant DHHS.  Finally, based on the repeated earlier dismissals, the Torre Plaintiffs are hereby subject to a filing restriction pertaining to all future filings in this Court against the State of Maine, Maine DHHS, and official capacity claims that seek relief designed to overturn or nullify state court criminal and parental rights proceedings and rulings or to expunge related records while those

proceedings remain pending. *United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (power to curb abusive litigants "includes the ability to enjoin a party—even a *pro se* party—from filing frivolous and vexatious [pleadings]"); *see also Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993) (approving of appropriately tailored injunctions to curb abusive future litigation).

## B.    Defendant-by-Defendant Review

Given the nature of the Complaint in this matter and the several prior failed attempts by the Torre Plaintiffs to bring similar cases in this Court, I find that it is appropriate to evaluate the Complaint sua sponte and notwithstanding the payment of the filing fee, to ensure that no Defendants are presently served with the Complaint unless it states a plausible claim for relief against the Defendant in question.   28 U.S.C. § 1915(e)(2). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  However, as previously mentioned, allegations should not be credited if there are documents of record susceptible to judicial notice that contradict the allegations. *Clorox Co*., 228 F.3d 24, 32 (1st Cir. 2000); *O'Brien*, 506 F. Supp. 3d at 90. Ultimately, a complaint fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1.    Leanne Keenan-Nelson and Michelle Freeman

Leanne Keenan-Nelson is a CPS Investigator. Plaintiffs allege that Keenan-Nelson coerced Lynn Torre "into signing an illegible and unenforceable safety plan under duress and intimidation" and "participated directly in the . . . removal of [the Torres'] minor children without judicial authorization or probable cause, in violation of the Fourth and Fourteenth Amendments." Compl. at 3. Michelle Freeman is a CPS supervisor. Plaintiffs sue her "for authorizing and overseeing the unconstitutional removal of [the Torres'] children and for ratifying the use of coercive safety plans without legal safeguards, resulting in a deprivation of liberty and due process." *Id.* Plaintiffs allege that Freeman was directly involved in decisions pertaining to the initial removal of the children and the presentation or preparation of the safety plan. *Id.* at 7.

The claims against Keenan-Nelson and Michelle Freeman are limited to the events of October 4 and October 10, 2023, and to the questions of whether the initial removal of the children was properly effectuated based on either a warrant or special circumstances and whether the safety plan presented to Lynn Torre was enforceable. A failure to observe proper procedures in connection with the removal of children would not call into question the legitimacy of downstream court determinations related to parental rights and responsibilities, and therefore could, in theory, evade the jurisdictional bar presented by the *Younger* abstention doctrine. However, the Order on Petition to Terminate states plainly that there was a preliminary protection order in place on October 10, 2023, when the children were taken into DHHS custody. Accordingly, I find that the Plaintiffs fail to state a claim for the illegal removal of the children from the home and this claim is, therefore, DISMISSED.

As for the claim that the safety plan was unenforceable, this contention appears to be asserted only to support relief in the form of an order that would call into question the legitimacy of state court proceedings pertaining to the safety plan, assuming a failure to conform to its requirements was in some way relevant to a downstream merits determination in the context of terminating Lynn Torre's parental rights. The claim will not proceed and is DISMISSED, as this Court's jurisdiction does not reach questions involving the legitimacy of court determinations that might hinge on Lynn Torre's observation or non-observation of the requirements of the safety plan.[1]

---

[1] If the Plaintiffs seek to assert that affidavits associated with the state court's preliminary protection order, these Defendants, "as witnesses at judicial proceedings, would be entitled to either absolute or qualified

2.      <u>Roxanne Zwaga, Natalie Anderson, Anthony Pizzo, and Lauren VanDine</u>

These Defendants are identified as "permanency caseworkers" for DHHS.  Plaintiffs allege that they took actions that resulted in prolonged separation of the children from the family, obstructed reunification, continued to enforce an unconstitutional safety plan, interfered with family association, and suppressed reunification services.  Compl. at 3-4. The Court's jurisdiction does not extend to making factual findings that would call into question the legitimacy of the duration of the family separation, the safety plan, or the adequacy of reunification services, while proceedings are ongoing.  Nor do the sparse allegations suggest the existence of any viable claim for which relief may be granted. These defendants are all DISMISSED.

3.      <u>Elizabeth McCullum</u>

Elizabeth McCullum was appointed by the state court to serve as guardian ad litem for the children.   Plaintiffs sue McCullum for "knowing suppression of exculpatory evidence, her opposition to reunification, and her retaliatory conduct aimed at silencing the Plaintiffs' protected speech."  *Id.* at 4.  Plaintiffs' allegations are meant to call into question the legitimacy of state court proceedings and therefore succumb to the *Younger* abstention doctrine.  Furthermore, the allegations are entirely too sparse to state a claim for which relief may be granted.  Defendant McCullum is DISMISSED.

---

immunity from § 1983 liability as to this claim."  *Piccone v. McClain*, 586 Fed. App'x 709, 712 (1st Cir. 2014) (citing *Watterson v. Page*, 987 F.2d 1, 9 & n. 8 (1st Cir. 1993)).

4.      Erin Clough, Assistant Attorney General

Plaintiffs allege that AAG Clough participated in "retaliatory legal action, suppression of due process, and . . . unconstitutional state proceedings targeting the Plaintiffs' protected activities." *Id.* at 4.  Claims challenging the institution or prosecution of state court criminal proceedings fall within the jurisdictional restriction of the *Younger* abstention doctrine.  Furthermore, the allegations are too sparse to state a claim for which relief may be granted.  Defendant Clough is DISMISSED.

5.      Carlos Diaz, Assistant District Attorney

Plaintiffs allege that ADA Diaz, the Assistant District Attorney conducting the prosecution of Vincent Torre, has engaged in "retaliatory prosecution, abuse of process, manipulation of bail, charging decisions, and suppression of exculpatory material." *Id.* at 4.  Again, Plaintiffs are attempting to assert a claim that would call on this Court to interfere with or stand in judgment of ongoing state court proceedings.  Plaintiff Vincent Torre can and presumably has complained to the presiding state court judge of the alleged improprieties associated with his prosecution.  There is no factual content in the Complaint that would allow this Court to conclude that the prosecution is proceeding in bad faith or that the state court will not protect his federal rights against procedural deprivation.  Defendant Diaz is DISMISSED.

6.      Detective Victoria Knight-Lane

Plaintiffs allege that Detective Knight-Lane unlawfully arrested Vincent Torre at his workplace on October 4, 2024, without any legal justification.  As alleged, he had a

work authorization associated with his bail but Detective Knight-Lane did not realize that this was the case. Vincent Torre can proceed with this claim.

       7.      <u>Windham Police Officers Joseph Cushman, Martin J. Royle, Time Denman, and Alexander Brokos</u>

Plaintiffs allege that these officers participated in the April 17, 2024, arrest, without probable cause. *Id.* Allegedly, Vincent Torre was both arrested and charged on this day, without a warrant. *Id.* at 16. Vincent Torre can proceed with this claim.

       8.      <u>Cumberland County Sheriff's Deputy Cole Gagnon</u>

Plaintiffs allege that Deputy Gagnon participated in the forced removal of the children in the absence of exigent circumstances or a court order. Like Defendants Keenan-Nelson and Freeman, Defendant Gagnon is DISMISSED because materials attached to the Complaint of which the Court may take judicial notice reflect that a court order authorized the removal of the children from their parents' custody.

       9.      <u>Unknown Cumberland County Sheriff's Deputies</u>

Plaintiffs alleged that three or four unknown Cumberland County sheriff's deputies conducted an arrest of Vincent Torre on April 2, 2025, and caused unnecessary property damage. Compl. at 5, 16 (¶ 62). They also allege the use of excessive force and that the deputies refused to present a warrant. This claim can proceed with service on the Cumberland County Sheriff's Department, which may have a record of the deputies involved.

10.    Child Advocacy Center, Maine

As alleged, members of the Child Advocacy Center conducted an interview of the reporting minor "without notifying or obtaining consent from her legal custodian and mother, Lynn Torre."  Compl. at 5.  According to Plaintiffs, this was a constitutional violation.

A social worker must have reasonable and articulable suspicion of child abuse before conducting an interview focused on such abuse.  *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 21 (1st Cir. 2001).  Where reasonable suspicion exists, the interview process may involve taking temporary custody over the child without parental consent.  *Id.*

Plaintiffs have failed to allege facts that would eliminate a finding of reasonable suspicion of child abuse.  To the contrary, Plaintiffs have alleged facts that compel the inference that the investigation and related interference with the family relationship arose from a report of abuse that a sixteen-year-old lodged against her mother's cohabitating spouse.  Furthermore, the interview was coordinated by a family member who was, at the time, serving as the child's guardian.  Because the allegations against the Child Advocacy Center fail to negate any evidence-based assessment of a reasonable and articulable suspicion of child abuse, or any improper coercion of the child by personnel of the Child Advocacy Center, Plaintiffs fail to state a claim for which relief may be granted against the Child Advocacy Center.  Defendant Child Advocacy Center is DISMISSED.

11.   <u>Town of Windham</u>

Plaintiffs allege that the Town of Windham is liable "for failing to train, supervise, and discipline its officers, and for adopted customs and practices that directly led to the constitutional violations."  Compl. at 6 ¶ 16.  These allegations amount to nothing more than conclusory recitals and as such fail to state a plausible claim for relief against the Town of Windham.  The Town of Windham is DISMISSED.

12.   <u>Cumberland County</u>

Plaintiffs allege that Cumberland County "tolerat[ed] and ratif[ied] unconstitutional conduct by its deputies, prosecutors, and agents, including destruction of property, retaliation, and prolonged unlawful detention."  *Id.* ¶ 17.  As with the claim against the Town of Windham, the claim against Cumberland County is entirely a conclusory recital without any supporting factual allegations.  Cumberland County is DISMISSED on that basis.  Furthermore, to the extent that this claim seeks to interfere with the ongoing state court prosecution, this also warrants dismissal in part on that additional basis.

13.   <u>Jessica Leighton</u>

Plaintiffs alleged that Jessica Leighton improperly prepared evidence that she presented to CPS, "without any chain of custody, forensic verification, or law enforcement oversight."  *Id.* ¶ 18.  "Leighton also exploited the medically documented mental health vulnerabilities of [the reporting minor] . . . to manipulate her into believing and stating false information about her mother."  *Id.*  Leighton also corresponded with media outlets, allegedly to the prejudice of Vincent Torre's trial rights.  *Id.*

The allegations against Jessica Leighton, who presumably is a material witness in the state proceedings, fall within the jurisdictional restriction imposed by the *Younger* abstention doctrine.  This Court is not going to hear claims in this case that would call into question the legitimacy of state proceedings and evidence.  Jessica Leighton is therefore DISMISSED.

       14.   <u>Karen Majewski and John Majewski</u>

The Majewskis were or are "kinship placement providers" to the Torres' teenage daughter.  "Although initially selected by Lynn Torres as trusted kinship placements, the Majewskis failed to support the reunification process and instead deferred entirely to CPS directives."  *Id.* ¶ 19.  The allegations against the Majewskis fail to state a claim for which relief may be granted.  The Majewskis are not state actors subject to a § 1983 civil rights claim and it is in any event not apparent at all how their conduct caused a harm for which the law provides a remedy.  The claim against the Majewskis is DISMISSED.

**C.    Objection to Denial of Request for Leave to Proceed In Forma Pauperis**

On August 22, 2025, Plaintiffs filed a combined Motion to Proceed Without Prepayment of Fees and Costs (ECF No. 3).  The Magistrate Judge denied the request, observing that Plaintiffs, as a household, "collectively receive $4,964 in monthly income and have only $3,927 in monthly expenses, leaving them with $1,037 each month for discretionary spending."  Docket Order (ECF No. 7).  The Magistrate Judge also noted that James Maffei has $2,000 in cash.  *Id.*

The record reflects that the primary income earner in the household is Lynn Torre, whose gross annual income is somewhere in the range of $30,000.  At present, due to life

circumstances, she is not financially responsible for her husband or her children, and her housing is subsidized by the Maffeis.  On September 8, 2025, Lynn Torre paid the filing fee for this case under protest.  Although Lynn Torre has significant costs of living and liabilities, including student loan debt, credit card debt, and vehicle maintenance costs, based on my review of the record, including supplemental filings, I cannot conclude that the funds remaining to her are so limited that she cannot afford to pay the filing fee for the claims she advanced on her own behalf in this action.  Because the Magistrate Judge's ruling on this question was not clearly erroneous, *see* Fed. R. Civ. P. 72(a), Lynn Torre's Objection is DENIED (ECF No. 20).

Because the filing fee has been paid, Plaintiff Vincent Torre's Objection and the Maffei's Objection are DENIED AS MOOT.  Notwithstanding the denial of leave to proceed without prepayment of fees and costs, the Court concludes that it is most appropriate in this case for the Clerk's Office to see to the service of the Complaint (and this Order) on Maine State Police Detective Victoria Knight-Lane, Windham Police Officers Joseph Cushman, Martin J. Royle, Time Denman, and Alexander Brokos, and the Cumberland County Sheriff's Department.

## CONCLUSION

Plaintiffs' claims against the State of Maine, Maine DHHS, and official capacity claims that seek relief designed to overturn or nullify state court criminal and parental rights proceedings and rulings or to expunge related records while those proceedings remain pending are DISMISSED.  Plaintiffs' Objection (ECF No. 22) to the denial of emergency injunctive relief is DENIED for the same reason.

All claims against the following Defendants are hereby DISMISSED: Leanne Keenan-Nelson, Michelle Freeman, Roxanne Zwaga, Natalie Anderson, Anthony Pizzo, Lauren VanDine, Elizabeth McCullum, Erin Clough, Carlos Diaz, Cole Gagnon, Child Advocacy Center, Town of Windham, Cumberland County, Jessica Leighton, Karen Majewski, and John Majewski.

Plaintiff's Objection (ECF No. 20) to the denial of leave to proceed without prepayment of fees and costs is DENIED.

The matter will proceed exclusively on claims advanced against Detective Victoria Knight-Lane, Windham Police Officers Joseph Cushman, Martin J. Royle, Time Denman, and Alexander Brokos, and the Cumberland County Sheriff's Department (based on the arrest of April 2, 2025, executed by three to four unknown deputies). Notwithstanding the denial of leave to proceed without prepayment, the Court will attend to the service of the Complaint and this Order on these Defendants.

Finally, the Torre Plaintiffs are hereby subject to a filing restriction pertaining to all future filings in this Court against the State of Maine, Maine DHHS, and official capacity claims that seek relief designed to overturn or nullify state court criminal and parental rights proceedings and rulings or to expunge related records while those proceedings remain pending.

SO ORDERED.

Dated this 23rd day of October, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge